# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   25-mj-706 |
| | ) | |
| Isaac Tapia Hernandez | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 12, 2025  in the county of  Chester  in the Eastern District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

/s Jamaal Green
*Complainant's signature*

ICE Deportation Officer Jamaal Green
*Printed name and title*

Sworn to before me and signed in my presence.

Carol Sandra Moore Wells  Date: 2025.04.07 17:56:05 -04'00'

Date: _____

*Judge's signature*

City and state:  Philadelphia, Pennsylvania    Honorable Carol S. M. Wells, U.S.M.J.
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND WARRANT**

I, Jamaal Green, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Deportation Officer at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served as a Deportation Officer with ICE since September 2011. As a Deportation Officer, I conduct investigations related to violations of the Immigration and Nationality Act, specifically foreign-born nationals who have been deported from the United States and subsequently re-entered the United States illegally. I am currently assigned to the ICE Enforcement and Removal Operations, Philadelphia, Pennsylvania Field Office, and my duties include investigating violations of Title 8 of the United States Code to include violations of immigration offenses.

2. I make this affidavit in support of a criminal complaint against Isaac TAPIA HERNANDEZ ("TAPIA HERNANDEZ") because there is probable cause to believe that TAPIA HERNANDEZ, an alien, that is, an individual who is not a citizen or national of the United States, re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a).

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Where I assert that an event took place on a particular date or at a particular time, I am asserting that it took place on or about the date or at or near the time asserted.

**PROBABLE CAUSE**

4. On February 12, 2025, ICE received information that TAPIA HERNANDEZ had been brought to Chester County Prison by Troop 6 State Police in Delaware, based on an outstanding warrant from the West Chester Police Department in West Chester, Pennsylvania. On that date, I conducted a check in the National Crime Information Center ("NCIC") database for TAPIA HERNANDEZ's criminal history, as well as his immigration history, using FBI# KAMM2VJW6. The check revealed that on November 27, 2024, the defendant was arrested by the Troop 6 State Police in Delaware for traffic offenses.

5. Based on my training and experience, I know that when a police department or other law enforcement agency enters the fingerprints of an alien who has previously been encountered by ICE or another immigration agency into NCIC, ICE receives electronic notification of this fact and any match to the alien's known fingerprint identification number. The electronic notification showed that the West Chester Police Department had entered TAPIA HERNANDEZ's fingerprints into NCIC, which suggested that TAPIA HERNANDEZ, with FBI# KAMM2VJW6, had been encountered by the West Chester Police Department. On April 6, 2019, West Chester Police had arrested TAPIA HERNANDEZ and charged him with the following violations of the Pennsylvania Crimes Code: Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver; Int Poss Controlled Substance By Person Not Registered; Use/Poss of Drug Paraphernalia; and Criminal Use of Communication Facility. He is presently detained in custody at West Chester County Prison, awaiting disposition of those charges.

6. Based on my training and experience, I know that ICE maintains a file on all aliens encountered by ICE. This file, known as the Alien File ("A File"), contains documentation relating to the alien, including his/her photograph, warrants of deportation, fingerprints,

documents reflecting criminal history, documents reflecting the country of citizenship, and other documents. Each alien is assigned an identification number, referred to as the Alien Number or A#. A search of ICE databases revealed that TAPIA HERNANDEZ has been assigned A# 215 590 180, is a native and citizen of Mexico, and is not a citizen of the United States.

7. I compared the booking photograph of the defendant from his arrest on April 6, 2019, by the West Chester Police Department to photographs of TAPIA HERNANDEZ in ICE records and confirmed that the defendant is the same individual associated with A# 215 590 180, that is TAPIA HERNANDEZ.

8. A review of DHS/ICE records for TAPIA HERNANDEZ A-file A# 215 590 180 revealed the following:

   a. On or about April 8, 2019, TAPIA HERNANDEZ was arrested by ICE and issued a Warrant of Removal.

   b. On or about May 6, 2019, TAPIA HERNANDEZ was ordered removed from the United States to Mexico by an immigration judge.

   c. On or about May 20, 2019, TAPIA HERNANDEZ was removed from the United States to Mexico. At that time, a Form I-205, Warrant of Deportation/Removal, was executed and contains his fingerprint and photograph.

   d. On or about June 19, 2019, TAPIA HERNANDEZ re-entered the United States illegally and was arrested by the United States Border Patrol in Laredo, Texas. He was issued a reinstatement of prior order of removal.

   e. On or about June 24, 2019, TAPIA HERNANDEZ was removed from the United States to Mexico. At that time, a Form I-205, Warrant of Deportation/Removal, was executed and contains his fingerprint and photograph.

   f. On or about June 25, 2019, TAPIA HERNANDEZ re-entered the United States illegally and was arrested by the United States Border Patrol in Laredo, Texas. He was issued a reinstatement of prior order of removal.

   g. On or about June 28 2019, TAPIA HERNANDEZ was removed from the United States to Mexico. At that time a Form I-205, Warrant of

        Deportation/Removal, was executed and contains his fingerprint and photograph.

    h. DHS databases show that TAPIA HERNANDEZ did not seek permission of the United States Attorney General, or his successor, the Secretary of the Department of Homeland Security, to re-enter the United States following his 2019 removals as required by 8 U.S.C. § 1360(d).

9. Based on all of the foregoing, I respectfully submit that the facts set forth in this affidavit demonstrate that there is probable cause to believe that Isaac TAPIA HERNANDEZ, illegally re-entered the United States after removal, in violation of 8 U.S.C. § 1326(a). I, therefore, respectfully ask that the Court issue a warrant ordering his arrest for such crime.

        Respectfully submitted,

        */s/ Jamaal Green*
        Jamaal Green
        Deportation Officer
        Immigration and Customs Enforcement

SUBSCRIBED TO AND SWORN TO ME
BY TELEPHONE
THIS ____ DAY OF APRIL, 2025.

Carol Sandra Moore Wells  Date: 2025.04.07 17:55:16 -04'00'
_____
HONORABLE CAROL S. M. WELLS
United States Magistrate Judge